VanDIVIERE v. MITCHELL.

CONSTRUCTIVE NOTICE—MORTGAGE.—A mortgage of real estate properly recorded is constructive notice, under section 1968 of Revised Statutes, for all purposes, to subsequent purchasers and encumbrancers, even when the deed for the mortgaged premises to the mortgagor is not recorded.

Before WATTS, J., Walhalla, October 5, 1894. Affirmed.

Action by Mrs. M. R. VanDiviere against Burt Mitchell, C. E. O. Mitchell, Z. H. Carwile, W. P. Anderson, and Elizabeth Albritton, commenced 25th April, 1894, for foreclosure of mortgage on lands held by Albritton. The following is the agreed statement of facts:

On the 25th day of September, 1884, the defendant, Burt Mitchell, owned the land described in the complaint, and on that day sold and conveyed the same to one Z. H. Carwile, and to secure the purchase money therefor took the notes and mortgage set forth in the complaint. Notes and mortgage by Carwile to Mitchell, of date September 25th, 1884, introduced in evidence and marked exhibit "A." The deed from Burt Mitchell to Z. H. Carwile was never recorded. The mortgage, exhibit "A," was recorded 25th September, 1884, as appears by endorsement thereon. Soon thereafter, and before they were due, these notes and mortgage were transferred by endorsement, as appears thereon, and by delivery to the plaintiff herein, who paid value therefor as collateral to secure the note held by her, signed

by Burt Mitchell and C. E. O. Mitchell, on which note judgment was entered up in favor of plaintiff against Burt Mitchell and C. E. O. Mitchell, in the Court of Common Pleas for this county, on the 5th day of July, 1893, for the sum of $167.80 debt, and $5.90 costs. The amount now due thereon is the sum of $189.65 at date of this report, which still remains due and unpaid to the plaintiff. There has never been anything paid to plaintiff on these notes and mortgage, exhibit "A," and she took the same in good faith to secure the loan of money as above set forth. After the execution of the deed above referred to and the mortgage, exhibit "A," and before the 28th day of May, 1886, Burt Mitchell and Z. H. Carwile agreed to rescind the sale of said land, and did rescind the same, and it is assumed that said Carwile reconveyed the same to Mitchell.

On the 28th day of May, 1886, Burt Mitchell was in possession of the premises in dispute, and on that day sold and conveyed the same for value to Waddy T. Jaynes by proper conveyance, which is introduced in evidence and marked exhibit "D." This deed was never recorded. On the 23d day of June, 1888, said Jaynes sold and conveyed for value said premises to Edward P. Cox. Deed introduced in evidence and marked exhibit "C." This deed was never recorded. On the 30th day of January, 1889, said Cox sold and conveyed said premises to the defendant, Elizabeth Albritton, for value. Deed introduced in evidence and marked exhibit "D." This deed was never recorded. On the same day she received the deed, the defendant, E. Albritton, to secure the purchase money therefor, executed and delivered to said Cox her note and mortgage on said premises to secure the same, which are introduced in evidence and marked exhibit "E." This was recorded the 16th day of February, 1889, as appears by endorsement thereon. On the 19th day of November, 1889, said Cox, for value, sold and transferred said note and mortgage, exhibit "E," to Peden & Anderson, and the sum of $245.25 is now due and unpaid thereon to said W. P. Anderson.

At all the sales and transfers of the premises above set forth, the possession thereof was delivered by the various parties down to the defendant, Elizabeth Albritton, who is now in possession thereof.   The defendant, Elizabeth Albritton, and W. P. Anderson, and all the persons through whom they claim, except the defendant, Burt Mitchell, acted in good faith, paying full value, and without notice of the plaintiff's claim or mortgage, except such constructive notice as the recording of plaintiff's mortgage may give, and also the plaintiff was without notice of the various transactions, conveyances, &c., set up by defendant, except such constructive notice as may be given by the record of the mortgage, exhibit "E."

Judgment for plaintiff.   Defendant, Albritton, appeals on following exceptions:

1st.  Because the Circuit Judge erred in holding that the delivery of the deed, which was never received, from Mitchell to Carwile, the notes and mortgage from Carwile to Mitchell, the record of said mortgage, and the possession of Carwile and his continuance in possession for some time thereafter, were sufficient to put upon notice this defendant, who was in other respects a subsequent purchaser of the premises for valuable consideration without notice.

2d.  Because the Circuit Judge should have held that the agreed statement of facts showed that one W. T. Jaynes, on the        day of        188 , purchased, and took proper conveyance for the premises in dispute from Burt Mitchell, who was then in possession of the same, and whom the record in office of the register of mense conveyance for Oconee County, S. C., showed that he held proper title therefor, free from incumbrances, and that said Jaynes conveyed them to Cox, who conveyed to this defendant, all of whom were purchasers for valuable consideration without any notice of plaintiff's said mortgage.

3d.  Because the Circuit Judge erred in not holding that the record of the mortgage given by Carwile to Mitchell was not notice to this defendant or any of his grantors, for

the reason that the deed to Carwile from Mitchell not being recorded, there was nothing in the record to show that the title had ever passed out of Mitchell's possession, or to connect Carwile in any manner with the premises.

4th. Because the Circuit Judge should have held that this defendant and those through whom he purchased back to Mitchell, the common source of title, were all, as to plaintiff, subsequent purchasers for value without notice, and hence defendants were entitled to a dismissal of plaintiff's complaint.

*Messrs. Stribling & Shelor*, for appellant.

*Mr. S. P. Dendy*, contra.

Sept. 17, 1895. The opinion of the Court was delivered by

Mr. Justice Gary. This action was heard by his Honor, Judge Watts, upon an agreed statement of facts, which, together with the appellant's exceptions, will be incorporated in the report of the case.

The following appears in the decree of his Honor, Judge Watts, in addition to the formal provisions for foreclosure of the mortgage mentioned in the complaint, to wit: "It is ordered, adjudged, and decreed, that the execution and delivery of the deed for said premises by Burt Mitchell to Z. H. Carwile, the execution and delivery of the notes and mortgage, to secure the purchase money of the defendant, Z. H. Carwile, to the defendant, Burt Mitchell, the due record of said mortgage, as required by statute in this State, and the contemporaneous delivery of the possession of said premises by the grantor, Burt Mitchell, to his grantee, Z. H. Carwile, and the continuance of his possession of the same for some time thereafter—which I find as facts from the agreed statement of counsel reported herein by the master—subsequent purchasers and creditors were affected with notice of plaintiff's mortgage and of possession thereunder, and the defenses of the defendants, W. P. Anderson and

Elizabeth Albritton, of subsequent purchases and creditors for value without notice, are overruled."

Section 1968 of the Revised Statutes provides that * * * "all mortgages or instruments in writing in the nature of a mortgage of any property, real or personal, * * * and, generally, all instruments in writing now required by law to be recorded, * * * shall be valid, so as to affect, from the time of such delivery or execution, the rights of subsequent creditors or purchasers for valuable consideration without notice, only when recorded within forty days from the time of such delivery or execution in the office of register of mesne conveyance of the county where the property affected thereby is situated, in the case of real estate: * * * *Provided, nevertheless*, That the above mentioned deeds or instruments in writing, if recorded subsequent to the expiration of said period of forty days, shall be valid to affect the rights of subsequent creditors and purchasers for valuable consideration without notice, only from the date of such record."

In order that the mortgage may be valid so as to affect the rights of subsequent creditors and purchasers for valuable consideration without notice, it is only necessary that it be recorded in the manner provided by law; but it is not necessary that the deed of conveyance of the person executing and delivering the mortgage should also be recorded. There is no such requirement in the statute. The mortgagee complied with all the requirements of the statute when the mortgage was duly recorded.

This case is ruled by the recent case of *Younts* v. *Starnes et al.*, 42 S. C., 22. In that case it appears that a deed of conveyance of land was executed and delivered in 1882, and a mortgage executed and delivered by the grantee to secure payment of the purchase money. The mortgage was duly recorded, but the deed of conveyance was not placed upon the record. In 1886, the grantee, who had failed to record his deed because he believed it was defective, asked for and received a new deed as a substitute for the one delivered in

1882.   In the spring of 1888, a merchant sold goods on a credit to the grantee, who, in the winter of 1888, in order to secure payment of said account, executed and delivered to the merchant a mortgage of the said land.   After the sale of the goods, but before the delivery of the mortgage to the merchant in 1888, the merchant received actual notice of the former mortgage delivered and recorded in 1882, and this was one of the grounds, but not the only ground, upon which the Court held that the mortgage executed in 1882 was valid against the mortgage executed in 1888. After speaking of the effect of the actual notice, the Court then proceeds to speak of the constructive notice arising from the recording of the mortgage in 1882: "Besides, all this time the mortgage of the plaintiffs was regularly on the record, and we cannot doubt that Wittkowsky must be held bound by this constructive notice that the mortgage of the plaintiffs still existed.   'Mortgagees of land are not bound to give to purchasers from the mortgagor any further notice of their claim than that which the record of mortgage gives.'   *Annely* v. *DeSaussure*, 12 S. C., 488.   Under these circumstances, we cannot say the Circuit Judge erred in holding that it was error in deciding that the defendant, Wittkowsky, was a creditor for value, and without notice of the existence of plaintiff's mortgage.   The mortgage, as has been stated, was properly recorded in the proper office long before the debt of Wittkowsky was contracted, and this fact alone would charge him with notice.   Besides, he had sufficient notice of facts that would put him on inquiry, &c."

The recording of the mortgage being constructive notice to subsequent creditors and purchasers, the exceptions of the appellant are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.